# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID A. WALKER,**
**Claimant Below, Petitioner**

**vs.)**   **No. 11-1005**  (BOR Appeal No. 2045374)
(Claim No. 2010099033)

**MAXIM CRANE WORKS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David A. Walker, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Maxim Crane Works, by Denise Pentino and Aimee Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 6, 2011, in which the Board affirmed a November 19, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 21, 2009, decision denying Mr. Walker's request for authorization for a neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Walker injured his lower back on July 9, 2009, while employed as a general laborer with Maxim Crane Works. On July 15, 2009, the claim was held compensable for low back strain. On November 20, 2009, Dr. Mukkamala authored a report and found that the July 9, 2009, injury was a soft tissue lumbar sprain without radiculopathy, and also found that an August 27, 2009, MRI showed non-compressive disc bulges at L3-4 and L4-5. Based on these findings, Dr. Mukkamala stated that there is no indication that authorization for a neurosurgical consultation should be granted.

1

In its Order affirming the October 21, 2009, claims administrator's decision, the Office of Judges held that the denial of Mr. Walker's request for a neurosurgical consultation was appropriate. Mr. Walker disputes this finding and asserts that the evidence of record demonstrates that it is necessary for him to consult with a neurosurgeon.

As noted by the Office of Judges, Dr. Mukkamala reviewed Mr. Walker's medical record and found that a neurosurgical consultation is not indicated. The Office of Judges found that a June 10, 2009, x-ray revealed degenerative changes with spondylosis of the lower lumbar spine, and that the August 27, 2009, MRI referenced by Dr. Mukkamala showed non-compressive disc bulges at L3-4 and L4-5, none of which are compensable components of the claim. The Office of Judges further found that because lumbar strain is the only compensable component of the claim, the denial of a neurosurgical consultation was appropriate. The Board of Review reached the same reasoned conclusions in its decision of June 6, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum